## No. 10,731.

### LAVERENTS v. CRAIG.

Decided October 2, 1923. Rehearing denied November 5, 1923.

Action to foreclose mechanic's lien. Judgment of dismissal.

### *Reversed.*

1. MECHANICS' LIENS—*Filing Contract—Subcontractor.* Where the owner of property fails to file the original contract for the construction of a building as required by section 6442, C. L. '21, a subcontractor acquires a lien upon the property as if his contract had been made at the personal instance of the owner.

2. *Lis Pendens.* Under the provisions of section 6451, C. L. '21, concerning the filing of a notice of lis pendens in mechanics' lien cases, a lis pendens is not a necessary prerequisite of a suit to foreclose a lien where the action is against the owner of the property, or one primarily liable for the debt.

*Error to the County Court of Morgan County, Hon. Clayton C. Rickel, Judge.*

Mr. ARLINGTON TAYLOR, for plaintiff in error.

Mr. A. D. BULLIS, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THE plaintiff in error performed labor and furnished materials of the value of over $500 in the construction of a dwelling house for defendant in error Craig.

Defendant in error, Morris, was the original contractor but failed to file his contract for record. Plaintiff in error was a subcontractor under Morris. The bill of plaintiff in error not having been paid, he, in due time, filed a statement of lien, and served a copy thereof upon the owner Craig. Within the six months allowed for suit to foreclose his lien he began suit against both parties. Defendant Craig alone appeared. She filed a general demurrer to the complaint, which was sustained, and the complaint was dismissed.

It appears that the court was of the opinion that, no *lis pendens* having been filed within the six months, plaintiff had no cause of action. This ruling was under section 6451, C. L. 1921, which reads:

"No lien claimed by virtue of this act shall hold the property longer than six months after the last work or labor is performed, or materials furnished or after the completion of the building, structure or other improvement, or the completion of the alteration, addition to, or repair thereof, as prescribed in section 4033 of the Revised Statutes of Colorado, 1908, unless an action shall be commenced within that time to enforce the same, and a notice of lis pendens shall be filed for record within that time in the office of the clerk and recorder of the county in which said land is situate."

The owner having failed to file the original contract, as required by section 6442, C. L. 1921, plaintiff acquired a lien upon the property, as if his contract had been made

at the personal instance of the owner. The provision in the first mentioned section for the filing of the notice of *lis pendens* does not fall within the condition imposed as to the time of bringing the action. It is a requirement by itself, and is an independent clause, aiming, obviously, at the protection of third parties who might deal with the property in ignorance of the contractor's claim.

Our attention has been called to the fact that the filing of a notice of *lis pendens* in the statute under consideration appears in an amendment in an earlier statute, and it is urged that unless the judgment is affirmed, the amendment is rendered ineffective. We hold, however, only that a *lis pendens* is not a necessary prerequisite of a suit where the action is against the owner of the property, or one primarily liable for the debt. In such a case there is no necessity for the notice given by the filing of a notice of *lis pendens.*

In *Sheffield v. Early,* 25 N. Y. Suppl. 1098, the court said:

"The object of a lis pendens is to give notice of the pendency of the action to persons who may subsequently acquire or seek to acquire rights in the property, but it is not required for the protection of the parties to the action, for they have notice of its pendency, and of the claim made by it."

This ruling is not to be understood therefore, as waiving the requirement in cases to which the statute properly applies. It cannot apply in this case, as the suit was against the owner of the property and she, of course, had full notice of the action.

It follows therefore that the plaintiff was entitled to enforce his lien for such amount as the evidence might show he was entitled to under the contract for the work.

The judgment is reversed.

MR. JUSTICE DENISON and MR. JUSTICE SHEAFOR concur.