WHITEHEAD & KALES CO. *v.* TAAN.

1. CORPORATIONS—CONTRACTS—VALIDITY—PRESUMED TO BE VALID.
   In the absence of a showing in the record as to where a contract with a foreign corporation not licensed to do business in Michigan was executed, it will be presumed that it was made where it was lawful to make it, and not that it was made in Michigan in violation of law, and, therefore, 2 Comp. Laws 1915, § 9068, is not applicable.[1]

2. SAME—FOREIGN CORPORATION'S CONTRACT EXECUTED AFTER COMPLYING WITH STATUTE VALID.
   A contract executed by a foreign corporation in Michigan after it had complied with 2 Comp. Laws 1915, § 9063, was valid.[2]

3. COURTS—PRECEDENTS—DICTUM—STARE DECISIS.
   Statements in an opinion unnecessary to a decision of the question involved do not have the force of controlling precedent, but weigh merely as expressions of men learned in the law.[3]

4. MECHANICS' LIENS — ENFORCING LIEN — OBJECT OF REQUIRING NOTICE OF LIS PENDENS.
   The object of the statute (3 Comp. Laws 1915, § 14805) in requiring in proceedings to enforce a mechanic's lien the filing of a notice of *lis pendens*, is the giving of such notice as will enable parties interested to ascertain therefrom the persons and property affected by the bill with the general nature of the matters in controversy, leaving them to the examination of the court record to ascertain the details and particulars thereof.[4]

5. SAME—NOTICE OF LIS PENDENS SHOULD CONTAIN NAMES OF PERSONS AFFECTED.
   A notice of *lis pendens* filed pursuant to 3 Comp. Laws 1915, § 14805, ought to set forth, among other things, either in the title or in the body of the notice, the persons affected by the bill.[5]

---

[1]Corporations, 14a C. J. § 4153 (Anno); Evidence, 22 C. J. § 83 (Anno); [2]Id., 14a C. J. § 3930; [3]Courts, 15 C. J. § 344; [4]Mechanics' Liens, 27 Cyc. p. 367; [5]Id., 27 Cyc. p. 367.

6. SAME—PERSONS BROUGHT IN BY LIS PENDENS NOT REQUIRED TO
FILE LIS PENDENS BUT OTHERS INTERVENING BY CROSS-BILL ARE
REQUIRED TO DO SO.

Parties brought in by a plaintiff's original bill, in pro-
ceedings to enforce a mechanic's lien, by naming them
in his notice of *lis pendens*, are not required by the statute
(3 Comp. Laws 1915, § 14805) to file notice of *lis pendens*,
but those not so made parties to the original bill, and
who desire to intervene and to be made parties and to
file cross-bills, or answers in the nature of cross-bills, are
required to file notice of *lis pendens*.[6]

7. SAME—PURPOSE OF LIS PENDENS IS ONLY TO GIVE NOTICE.

The purpose of a notice of *lis pendens* under the mechanics'
lien law (3 Comp. Laws 1915, § 14805) is to perform
its usual office, to give constructive notice, nothing more.[7]

8. SAME—ALL PARTIES HELD TO HAVE CONSTRUCTIVE NOTICE OF
INTEREST OF PARTIES NAMED IN LIS PENDENS.

Where, during the year following the filing of the state-
ment of lien by a lienor, notices of *lis pendens* were
filed by other parties to the suit in which said lienor was
named as a party affected by the proceedings, all parties
interested must be held to have had constructive notice
thereof.[8]

9. SAME—LIENOR NAMED IN LIS PENDENS DID NOT LOSE LIEN BY
NOT FILING LIS PENDENS.

A lienor not made a party to the original bill, who inter-
vened and filed a cross-bill within one year from the date
of filing its statement of lien, and who was named as a
party affected by the proceedings in notices of *lis pendens*
filed by other parties, did not lose its lien by reason of
the fact that it did not file a notice of *lis pendens*.[9]

10. SAME—LIENOR'S STATEMENT SWORN TO BEFORE FOREIGN NOTARY
SUFFICIENT WHERE NOT DENIED UNDER OATH—CERTIFICATION OF
NOTARY.

Under the statute (3 Comp. Laws 1915, § 14805) providing
that all bills sworn to shall be evidence of the matters
charged unless denied by answer under oath, a lienor's
statement sworn to before a notary public of a foreign
State is *held, prima facie* evidence of the allegations
therein contained, where not denied on oath, although the
record does not contain a certificate certifying to the signa-

[6]Mechanics' Liens, 27 Cyc. p. 367; [7]Id., 27 Cyc. p. 367; [8]Id., 27
Cyc. p. 367; [9]Id., 27 Cyc. p. 367.

ture and official character of the notary, as required by 3 Comp. Laws 1915, § 12502.[10]

**11. SAME—WAIVER.**

If such certificate were in fact furnished with the papers in question, printing it in the record would not be required, for by the pleadings and the absence of other evidence, the question was passed.[11]

**12. CORPORATIONS—COMMERCE — INTERSTATE COMMERCE — FOREIGN CORPORATIONS.**

Where the successful operation of a certain refrigerating plant was shown to depend upon the skill with which it was installed, and the maker never contracted to sell such plant without assembling it, a contract executed in a foreign State by the maker, a foreign corporation, for the sale and installation of such plant in a hotel in Michigan was a transaction in interstate commerce not subject to State regulation.[12]

Appeal from Wayne; Mandell (Henry A.), J.   Submitted January 15, 1926.   (Docket No. 95.)   Decided March 20, 1926.

Bill by the Whitehead & Kales Company against Lee Taan, the American Loan & Trust Company, and others to foreclose a mechanic's lien.   From a decree for plaintiff and cross-plaintiffs, defendant trust company appeals.   Affirmed.

*Denby, Kennedy & O'Brien* and *Joseph D. O'Donnell* (*Joseph J. Kennedy,* of counsel), for plaintiff and cross-plaintiffs.

*Race, Haass & Allen,* for appellant.

*Henry B. Graves, Lightner, Oxtoby, Hanley & Crawford, Monaghan, Crowley, Reilley & Kellogg, Frank C. Cook,* and *John P. O'Hara, amici curiæ.*

CLARK, J.   The bill was filed to foreclose a mechanic's lien.   When the cause was at issue all

[10]Mechanics' Liens, 27 Cyc. p. 414 (Anno); [11]Appeal and Error, 4 C. J. §§ 2188, 2362; [12]Corporations, 14a C. J. § 3993.

parties in interest, including many lien claimants, were properly before the court. Shank Company was the general contractor, with certain persons trading as Trocadero Hotel Company as owners, for the erection of a hotel. American Loan & Trust Company was a mortgagee. Later, by foreclosure, it became owner. From the decree entered, the trust company has appealed. The appeal challenges the decree with respect to the rights of three different lien claimants.

Whitehead & Kales Company. This is a Michigan corporation. It provided and erected the structural steel pursuant to a contract made with the general contractor. It is said to have no right of lien because Shank Company, general contractor, had no valid contract with the owners. The contract between Shank Company and the owners was executed on November 12, 1919. Thereupon, Shank Company, an Illinois corporation, applied to the secretary of State for a certificate of authority to carry on business in Michigan, and it was admitted to do business on December 11, 1919. It contracted with this lienor on January 19, 1920, and thereafter the said steel was provided and erected. Whether Shank Company did any work on the job between November 12th and December 11th is a disputed question of fact not here important.

We quote section 9068, 2 Comp. Laws 1915, then in force:

"SECTION 6. No foreign corporation, subject to the provisions of this act, shall be capable of making a valid contract in this State until it shall have fully complied with the requirements of this act, and at the time holds an unrevoked certificate to that effect from the secretary of State."

The record does not show whether the contract between Shank Company and the owners was made in Michigan or in Illinois. In such case it is presumed

that the contract was made where it was lawful to make it, not in Michigan in violation of law. *American Insurance Co.* v. *Cutler,* 36 Mich. 261; 9 Fletcher, Cyc. Corp. pp. 10081-10192. The contract was not void in its inception. 14A C. J. p. 1308. The quoted section of the statute is not here important.

We quote a part of section 9063, 2 Comp. Laws 1915:

"It shall be unlawful for any corporation organized under the laws of any State. of the United States, except the State of Michigan, or of any foreign country, to carry on its business in this State, until it shall have procured from the secretary of State of this State a certificate of authority for that purpose." * * *

When Shank Company contracted with this lienor on January 19, 1920, it had complied with the quoted statute, and it had a valid contract with the owners. *Westerlin & Campbell Co.* v. *Detroit Milling Co., ante,* 384. The lien is valid.

Gabriel Steel Company. Appellant contends that the lien was lost and may not be enforced for the reason that no notice of *lis pendens* was filed by the lienor, although it intervened and filed its cross-bill herein within one year from the date of filing its statement of lien. It was not a party to the original bill.

In *Sheridan* v. *Cameron,* 65 Mich. 680, there is discussion, unnecessary to decision, relative to this question. What was there said is repeated, unnecessarily, in *Smalley* v. *Terra-Cotta Co.,* 113 Mich. 141. And an opinion, unnecessary to decision, pertinent here, is expressed in *L. J. Mueller Furnace Co.* v. *Wayne Circuit Judge,* 226 Mich. 672. These views do not have the force of controlling precedent. They weigh as expressions of men learned in the law.

The statute:

"SECTION 9. The several liens herein provided for shall continue for one year after such statement or

account is filed in the office of the register of deeds, and no longer unless proceedings are begun to enforce the same as hereinafter provided." * * * 3 Comp. Laws 1915, § 14804.

"SECTION 10. Proceedings to enforce such lien shall be by bill in chancery, under oath, and notice of *lis pendens* filed for record in the office of the register of deeds, shall have the effect to continue such lien pending such proceedings. And in such proceedings, the complainant shall make all persons having rights in said property affected or to be affected by such liens so filed in the office of the register of deeds, and all persons holding like liens so filed, and those having filed notice of intention to claim a lien, parties to such action. And all persons holding like liens or having filed notice of intention to claim a lien, or any other persons having rights in said property, may make themselves parties thereto on motion to the court and notice to complainant, and may file their intervening or cross-bills or answers claiming the benefit of cross-bills and notices of *lis pendens* therein." * * * 3 Comp. Laws 1915, § 14805.

The part of section 10, quoted, is in three sentences. The first relates to the filing of the first or original bill to enforce a lien. The second provides of those who shall be made parties to such proceedings. The first sentence requires the plaintiff to file a notice of *lis pendens*. What is such notice? What must it contain?

This is answered by section 12712, 3 Comp. Laws 1915:

"SECTION 58. To render the filing of a bill constructive notice to a purchaser of any real estate, it shall be the duty of the plaintiff to file for record, with the register of deeds of the county in which the lands to be affected by such constructive notice are situated, a notice of the pendency of such suit in chancery, setting forth the title of the cause, and the general object thereof, together with a description of the lands to be affected thereby; and it shall thereupon become the duty of the register to record such notice, in a

book kept for that purpose, upon the payment of the same fees as is provided by law for recording deeds. A copy of such record, authenticated by the register, shall be evidence of such notice, and the filing of the same, in all courts and places."

Of the object of this statute it was held in *Alterauge* v. *Christiansen,* 48 Mich. 60:

"The object which the statute has in view is the giving of such a notice as will enable parties to ascertain therefrom the persons and property affected by the bill with the general nature of the matters in controversy, leaving them to an examination of the court record to ascertain the details and particulars thereof."

A notice of *lis pendens,* therefore, filed pursuant to section 10, above quoted, ought to set forth, among other things, either in the title or in the body of the notice, "the persons    *    *    *    affected by the bill." Section 10 does not require those who are brought in by a plaintiff's original bill as parties to file notice of *lis pendens* in connection with any cross-bill or answer in the nature of a cross-bill which they or any of them may file.    The reason for this is obvious.    The original bill made them parties and the plaintiff, in his notice of *lis pendens,* should set forth the names of all such parties as affected by the bill.    It is suggested, however, that a party, so brought in on plaintiff's bill, and seeking relief, ought to see that a notice of *lis pendens* has been filed by the plaintiff, or he should file one on his own account to guard against error or omission of plaintiff in that regard.

The third sentence of section 10, quoted, relates to those not made parties to the original bill, and who desire to intervene and to be made parties and to file cross-bills, or answers in the nature of cross-bills. They are required to file notice of *lis pendens.*    The reason for that is equally obvious.    They are not parties to the original bill and not named by plaintiff

in his notice of *lis pendens* as persons affected by the bill.

All this and the statutory method of discharging a statement of lien of record (3 Comp. Laws 1915, § 11787), show clearly that the purpose of a notice of *lis pendens* under the mechanics' lien law is to perform its usual office, to give constructive notice, nothing more.    *S. C. Hall Lumber Co.* v. *Gustin,* 54 Mich. 624.

"The proceeding to enforce the lien is commenced by filing the bill.    The purpose of the notice of *lis pendens* is to give constructive notice of the suit and of the persons and property affected thereby."    *Washtenaw Lumber Co.* v. *Belding, post,* 608.

"The chief purpose of the *lis pendens* is to bind subsequent purchasers and incumbrancers and to serve the same purpose as notices of *lis pendens* under general chancery practice and cannot be taken advantage of by any of the parties in the original bill."    Wilkinson on Mechanics' Liens, § 161; citing the *Smalley Case, supra.*

The following from a note in Wykes on Mechanics' Liens, p. 120:

"The *lis pendens* is purposed to bind subsequent interests, serves the same purpose as under the general chancery practice, and hardly seems necessary as against the original parties;" citing the *Sheridan Case, supra.*

And see Boisot on Mechanics' Liens, § 593; Phillips on Mechanics' Liens (3d Ed.), §§ 269, 270.

In Minnesota, a statute required that at the time of commencing an action to enforce the lien a notice of *lis pendens* shall be filed.    Of which it was said in *Julius* v. *Callahan,* 63 Minn. 154 (65 N. W. 267):

"In an action to enforce a mechanic's lien, the filing of notice of *lis pendens* is not a condition precedent to a right of action.    Neither does it go to the jurisdiction of the court.    The omission to file such a notice may, before trial, be good ground for a motion

to require it to be filed, and to continue the cause until this is done; but it cannot be raised for the first time after trial as an objection to the rendition of judgment."

A Colorado statute required that action to enforce the lien must be commenced within a time limited, and that, "a notice of *lis pendens* shall be filed for record within that time," etc.   Of which it was held in *Laverentz* v. *Craig*, 74 Colo. 297 (225 Pac. 250):

"We hold, however, only that a *lis pendens* is not a necessary prerequisite of a suit where the action is against the owner of the property or one primarily liable for the debt.   In such a case there is no necessity for the notice given by the filing of a notice of *lis pendens*."

And it was held in *Carland* v. *United Engineering Co.*, 209 Mich. 244:

"While all the proceedings required by the statute to create a lien in this class of cases must be strictly followed, after the lien has once attached the statute becomes remedial and should receive a reasonable construction so that its provisions beneficial to the lienors be not frittered away."

In the case at bar we need not rest decision on the fact that appellant, a party to the original bill, had actual notice of this lien.   During the year following the filing of the statement of lien by this lienor, notices of *lis pendens* were filed by other parties to this suit, in which notices the lienor, Gabriel Steel Company, is named as a person affected by the proceeding.   All had constructive notice thereof.   The lienor was entitled to the relief decreed.

Wittenmeier Machinery Company.   In its sworn cross-bill, this lienor alleged that it had filed its "verified and just and true" statement of lien, also, that it had made out and given all statements required by the statutes.   The appellant in its answer ad-

mitted the first allegation and neither admitted nor denied the second. The statement of lien and the contractor's sworn statement were sworn to before Mary E. Divine, a notary public of Cook county, Illinois. It is now urged here that the signature and official character of the notary were not certified as required by section 12502, 3 Comp. Laws 1915, and that therefore the papers were not verified within the meaning of the statutes in question. The statute, said section 14805, provides that "all bills sworn to shall be evidence of the matters therein charged unless denied by answer under oath." The allegations of the sworn bill were not denied on oath. The sworn bill was *prima facie* evidence of such allegations. Our attention is called to no place in the voluminous record where this matter was again adverted to, and we find nothing. A certificate does not appear in the record in connection with either of the papers in question, although it does appear that a proper certificate of signature and that Mary E. Divine was a notary public at the time in question was furnished in connection with another paper in the case. If it were in fact furnished with the papers in question, printing it would not be required, for by the pleadings and the absence of other evidence, the question was passed. *Knowlton* v. *Gibbons*, 210 Mich. 547.

This lienor, an Illinois corporation, contracted with the owners in Chicago. Pursuant thereto, it installed a refrigerating plant in the hotel building without having been admitted to do business in Michigan under the statute above cited. But the lienor contends that this was a transaction in interstate commerce and beyond the power of the State to burden directly.

We quote with approval from the opinion of Judge Mandell:

"In the case at bar, a study of all the testimony

conclusively shows that the contract provides for the furnishing and installation in the building under consideration of a refrigeration plant, consisting of compression and brine pumps, freezing tank, and other apparatus.   It was stipulated that the seller would install the apparatus, test it, and provide all labor and help required by the erecting engineer.   The whole operation of the installation was highly technical in its character, and the successful operation to follow depended upon the delicate and intricate handling of the various parts of the apparatus.   Plaintiff has shown that it never sold its machinery without assembling it, because the success of its efforts required skill and precision in order to get the result which was sold.

"The court has reached the conclusion that the contracting for the service of installation and testing was necessary in order to have a sale of its product, which was the subject of interstate commerce."

A recent decision of this court, in a like case, citing many authorities, fully sustains the opinion of the trial judge.   *Westerlin & Campbell Co.* v. *Detroit Milling Co., supra.*

No other question requires discussion.

Decree affirmed, with costs against appellant to the lienors named.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred.