## No. 19,875.

SAM MARKOFF, D/B/A SAM MARKOFF LANDSCAPING, *v.*
LEROY BARENBERG, ET AL.

(368 P. [2d] 964)

Decided February 19, 1962.

Mr. THOMAS P. O'BRIEN, Mr. MARTIN I. STEINBERG, for
plaintiff in error.

Mr. RAYMOND J. CONNELL, Assignee, defendant in error, pro se.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

THE parties appear here as in the trial court and will be referred to as plaintiff and defendants or by name. The action was brought by Markoff to foreclose a mechanic's lien on property situated in Jefferson County, Colorado. Markoff's lien arose from work done by him on a residence, which at the time the work was contracted for and completed was owned by the Barenbergs.

After the work was completed, the Barenbergs made an assignment for the benefit of creditors to defendant Connell. The property assigned included the residence in question. Connell takes the position that the assignment was made under C.R.S. '53, 11-1-1, et seq. and is entitled to the protection of all of the provisions thereof.

Shortly after the assignment was recorded Markoff recorded his lien statement. He filed no claim in the assignment proceedings, but within the time permitted by the mechanic's lien statute filed this action to foreclose his lien joining the Barenbergs, Connell as assignee for the benefit of creditors, and others who might claim some interest.

The Barenbergs and Connell as assignee for the benefit of creditors, filed separate motions to dismiss the complaint on the ground that Markoff had failed to file a claim in the assignment proceedings. At the hearing on the said motions Markoff's counsel stipulated that an instrument styled "Assignment for Benefit of Creditors" had been recorded, but refused to stipulate as to the effect and force of such assignment.

On this state of the record the trial court granted the motions to dismiss, holding that it was Markoff's duty

to file his claim with the assignee for the benefit of creditors and that if he desired to foreclose should have obtained permission of the court to do so.

On its face the complaint stated a good claim for relief under the mechanic's lien law. The defendants sought to avoid this claim by the allegations in their motion to dismiss that an assignment had been made by the owner of the property for the benefit of creditors under C.R.S. '53, 11-1-1, et seq., and that by failing to file a claim with the assignee within the time allowed by the statute plaintiff had lost his rights.

We would point out here that the statute involved is in derogation of the common law, and assignments made for the benefit of creditors must strictly comply with all of the required details of the statute before creditors of the assignor are bound thereby.

The matters raised by the motion to dismiss were in the nature of avoidance, discharge and waiver, and were therefore affirmative defenses which under Rule 8, R.C.P. Colo. cannot be raised by motion but only by answer, the plaintiff thereafter having the opportunity to raise and try all issues concerning the force and effect of the particular assignment, as well as that of the constitutionality of the statute involved, in view of the Federal Bankruptcy Act.

The court erred in dismissing the complaint. It should have required the defendants to present the matters raised by the motion to dismiss by way of answer.

The judgment is reversed and the cause remanded with directions to the trial court to proceed in accordance with the views here expressed.

MR. JUSTICE SUTTON not participating.