Jeffrey L. **CASSERLY**; Mary E. **Cordell**; Danny W. **Englund**; and William D. **Tidwell**, Plaintiffs–Appellees and Cross–Appellants,

v.

The **STATE** of Colorado; W.L. Kautzky, Director of the Department of Corrections; James A. Stroup, Controller of the State of Colorado, Defendants–Appellants and Cross–Appellees.

No. 90CA1460.

Colorado Court of Appeals, Div. III.

Oct. 22, 1992.

As Modified on Denial of Rehearing Dec. 17, 1992.

Cornish and Dell'Olio, Donna Dell'Olio, Colorado Springs, for plaintiffs-appellees and cross-appellants.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John R. Parsons, Asst. Atty. Gen., Yvonne E. Scott, Asst. Atty. Gen., Denver, for defendants-appellants and cross-appellees.

Opinion by Judge METZGER.

Defendants, State of Colorado; W.L. Kautzky, Director of the Department of Corrections; and James A. Stroup, Controller of the State of Colorado, appeal the judgment which determined that they had violated the Fair Labor Standards Act and thereupon awarded overtime compensation and liquidated damages to the plaintiffs, Jeffrey L. Casserly; Mary E. Cordell; Danny W. Englund; and William D. Tidwell. Plaintiffs cross-appeal the amount of liquidated damages awarded and the trial court's application of a two-year statute of

limitations. We affirm in part, reverse in part, and remand for further proceedings.

Plaintiffs were employed as physician assistants at the State Correctional Facility at Canon City, Colorado. Each plaintiff was assigned to a single facility for full-time duties requiring not less than 40 hours per week. In addition, on a rotating basis, each plaintiff was required to provide emergency medical services to inmates after regular working hours. Plaintiffs were compensated at one and one-half their regular rate of pay for those hours they were physically present at a facility responding to a call.

Before November 1988, plaintiffs were not paid for the time spent waiting for calls. After that time, defendants paid plaintiffs at a rate of $1.75 per hour as "on-call" pay.

During on-call periods, plaintiffs were required to respond to any of seven facilities covering an 8–mile radius within 20 minutes of receiving a call for services (if they determined that the call necessitated a physical response to a facility and could not be handled by telephone). The number and frequency of calls received during any on-call shift were not predictable.

The need to respond immediately to medical calls required plaintiffs to maintain a constant state of readiness. They did not engage in recreational activities during these hours, nor did they use this time for their own personal purposes. Plaintiffs testified that they did not shower, walk for recreation, cook meals, eat in restaurants, entertain guests, perform yard work, or attend sporting events during their on-call hours. Some plaintiffs rented motel rooms in Canon City in order to meet the response time requirements rather than going home during these shifts.

Plaintiffs claimed their time spent waiting for calls constituted hours worked pursuant to 29 U.S.C. §§ 201–219 (1988), the Federal Fair Labor Standards Act (FLSA), and that they should be compensated at a rate of time and one-half for all hours spent on-call in excess of their regular 40 hours per week.

Plaintiffs filed a formal grievance with defendants in March 1988 for overtime pay and supplied copies of state fiscal rules incorporating the provisions of the FLSA and affidavits detailing the restrictions imposed upon their lives while on -call. The grievance was denied.

Thereafter, plaintiffs commenced this action, alleging violations of the FLSA and breach of contract. The trial court entered summary judgment in favor of defendants and dismissed the contract claim. The FLSA claims were tried to the court, which entered judgment in favor of plaintiffs. It awarded damages of one and one-half times plaintiffs' hourly rate for on-call time from May 1, 1987, based on application of a two-year statute of limitations for non-willful violations of the FLSA. Defendants appeal the liability determination; plaintiffs cross-appeal the damages awarded. We will address only those issues raised in the parties' opening briefs. *Vigoda v. Denver Urban Renewal Authority*, 646 P.2d 900 (Colo.1982).

I.

■ The defendants contend the trial court erred in failing to follow the terms of an agreement alleged to exist between the Department of Corrections and the plaintiffs regarding compensation for waiting time. They further contend the court erred in finding that this agreement was against public policy. We find no error.

Defendants assert that, in March 1988, the Department of Corrections officials and the plaintiffs had agreed that time spent waiting for calls would be compensated at $1.75 per hour, and time spent when plaintiffs physically traveled to a facility responding to a call would be compensated at time and one-half. Thus, they argue, the trial court erred in refusing to consider the impact of this agreement on plaintiffs' FLSA claims. We reject this contention.

■ The trial court found that any agreement by the plaintiffs to provide on-call services for the Department of Corrections was not an agreement to perform those services without the compensation required by law. It correctly determined

that, as a matter of law, an agreement entered into in good faith cannot supersede the FLSA or be used as a defense against employees' claims. *See Martino v. Michigan Window Cleaning Comp.*, 327 U.S. 173, 66 S.Ct. 379, 90 L.Ed. 603 (1945) (holding that collective bargaining agreement providing for 44 hours of regular wages per week violated FLSA).

The FLSA's overtime requirement, 29 U.S.C. § 207 (1988), has two purposes: 1) to encourage employers to hire additional workers rather than employ fewer workers for longer hours; and 2) to compensate employees who do work overtime for the burden of having to do so. The Act "forbids pay plans that have the effect of reducing the pay for overtime to less than one and one-half times the employees' regular rate, even though the plans may be acceptable to the employees involved." *Donovan v. Brown Equipment & Service Tools, Inc.*, 666 F.2d 148 (5th Cir.1982).

Given the nature of the demands on the plaintiffs during their waiting time, we conclude, as did the trial court, that any agreement to pay them $1.75 per hour (well below their average salary of nearly $18 per hour) would be contrary to the purpose of the FLSA and thus would violate public policy.

## II.

■ The defendants next contend that plaintiffs are exempt from the FLSA by virtue of 29 U.S.C. § 213 (1988), which excludes persons employed in a "professional capacity" from the overtime payment requirements. Defendants did not include this defense in either their answer or trial disclosure certificate. They now claim the trial court abused its discretion by denying their request at mid-trial to amend their answer and add this defense. In our view, no abuse occurred.

■ While leave to amend should be freely given, resolution of such issue is placed within the sound discretion of the court, and its decision will not be disturbed on appeal unless an abuse of discretion is shown. *Jenkins v. Glenn & Helen Aircraft, Inc.*, 42 Colo.App. 118, 590 P.2d 983

(1979). The burden is on defendants to show that the trial court abused its discretion in refusing to allow an amendment of the answer at mid-trial. *See Weaver Construction Co. v. District Court*, 190 Colo. 227, 545 P.2d 1042 (1976).

In their answer, defendants asserted that plaintiffs failed to state a claim upon which relief could be granted. However, the answer made no mention of the affirmative defense of statutory exemption. *Corning Glass Works v. Brennan*, 417 U.S. 188, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974). A motion to amend the answer was never filed.

Rather, defendants attempted to introduce evidence at trial relevant only to the issue of the plaintiffs' status as professionals. Plaintiffs' counsel objected, at which point defense counsel requested the court's leave to amend the answer. This request was properly denied. *Maxey v. Jefferson County School District No. R-1*, 158 Colo. 583, 408 P.2d 970 (1965).

■ Moreover, affirmative defenses may not be raised by motion unless evidence concerning the defenses becomes available to the defendant between the time of filing the answer and the time of filing the motion. *Markoff v. Barenberg*, 149 Colo. 311, 368 P.2d 964 (1962); *see also Bilar, Inc. v. Sherman*, 40 Colo.App. 38, 572 P.2d 489 (1977). There is no indication that such was the case here.

Defendants, however, claim that, since plaintiffs' counsel prepared argument on this issue in plaintiffs' brief in opposition to defendants' summary judgment motion, there was no prejudice to plaintiffs in litigating this issue at trial. We disagree.

Defendants did not move to amend their answer until mid-trial. The court found that the defendants offered no justification for failing to amend their pleadings. The untimeliness of the motion and the remedial measures that would have been occasioned by its granting would have disrupted the trial proceedings and caused additional unwarranted delay and expense to the plaintiffs in the resolution of this action. *See Koontz v. Rosener*, 787 P.2d 192 (Colo.App.1989) (denial of request proper to

avoid delay, undue expense, or other demonstrable prejudice).

We conclude that, given the untimeliness of their request, the defendants have not met their burden in demonstrating an abuse of discretion by the trial court. *See Conyers v. Lee*, 32 Colo.App. 337, 511 P.2d 506 (1973).

## III.

■ Defendants next argue the trial court erred in awarding overtime compensation to the plaintiffs for the time spent waiting for calls. We find no error.

The FLSA requires the payment of time and one-half of an employee's regular rate of pay for each hour worked in excess of 40 hours in any workweek. 29 U.S.C. § 207(a)(1) (1988).

■ "An employee who is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while 'on call.'" 29 C.F.R. § 785.17 (1991). Whether "waiting time" is "working time" depends on the particular case and is a question of fact to be resolved by the trial court. *Skidmore v. Swift Co.*, 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944).

■ The test is whether the time is spent predominately for the employer's benefit or for the employee's benefit. *Armour & Co. v. Wantock*, 323 U.S. 126, 65 S.Ct. 165, 89 L.Ed. 118 (1944). If the time spent is predominately for the employer's benefit, the employee is "engaged to be waiting" and is entitled to compensation. *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407 (5th Cir.1990).

*Renfro v. City of Emporia*, 948 F.2d 1529 (10th Cir.1991) illustrates the on-call standard under the FLSA. In *Renfro*, the Court of Appeals affirmed a summary judgment entered on behalf of firefighters who had alleged their "on-call" time was compensable. The City of Emporia had two fire stations and each station maintained a separate on-call list. Firefighters employed with the City were regularly scheduled to work six shifts of 24 hours each in a 19–day cycle, for a total of 144 hours. Each firefighter also appeared on a mandatory callback list for each 24–hour period following a regularly scheduled tour of duty. During this callback period, the firefighters were not required to remain at the station house premises. However, they were required to carry pagers and to return to work within 20 minutes if called or be subject to discipline. The number of callbacks firefighters received ranged from zero to 13 per day but averaged approximately four to five per day.

The firefighters argued that the on-call policy greatly restricted their personal activities. They asserted that, because of the 20–minute time constraint and the large number of callbacks, they could not go out of town, could not do simple things such as change oil or do other work on their cars, could not go to a movie or out to dinner for fear of being called back, could not be alone with their children unless they had a babysitter "on-call," could not drive anywhere with anyone when on call (*i.e.*, they would have had to take separate cars in case of a callback), and could not participate in group activities for fear of being called away. The appellate court concluded that the trial court's findings were supported by the record and that its application of the FLSA was appropriate in determining that the firefighters were due overtime compensation for their "on-call" time.

Here, the trial court made ample findings to support its conclusion that the plaintiffs could not use on-call time effectively for their own purposes, and the evidence in the record fully supports this determination.

This evidence included the high number of calls received (ranging from 10 to 12 calls per weekday shift, up to 24 calls on a weekend shift), the number of facilities (7) and geographical radius (8 miles) involved, and the 20–minute response time required. The plaintiffs testified, as noted above, concerning the severe restrictions placed on their personal activities by the on-call status. Indeed, one physician assistant testified that he remained partially dressed and slept on a couch near the telephone rather than going to bed at night.

■ The findings of the trier of fact must be accepted on review if they are supported in the record. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979). There is overwhelming evidence in the record demonstrating that waiting time was not spent in ways the plaintiffs would have chosen had they been free to do so. Hence, we will not disturb the trial court's finding that the plaintiffs could not use the time effectively for their own purposes and, thus, were "working" for purposes of the FLSA.

## IV.

■ Both parties appeal the amount of liquidated damages awarded. Defendants contend that, in light of its finding that they acted in good faith and with reasonable grounds, the trial court abused its discretion in awarding liquidated damages in the amount of 50% of the amount of compensatory damages. Plaintiffs assert that the evidence does not support the finding of good faith and reasonableness and that the trial court erred in awarding liquidated damages less than the full amount of compensatory damages awarded as required by 29 U.S.C. § 216(b) (1988). Because we are unable to ascertain the basis for the trial court's determination of this issue, we remand the cause for entry of further findings and judgment.

## A.

Initially, defendants contend that the award of any liquidated damages is inconsistent with the trial court's finding of good faith and reasonableness and, therefore, is unwarranted. We disagree.

Ordinarily, upon violation of the overtime payment requirement of the FLSA, an employer is liable to the employees affected both for the amount of unpaid overtime compensation and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b) (1988). This assessment of liquidated damages is mandatory.

However, in its sound discretion, the court may award no liquidated damages or an amount up to the overtime compensation awarded if the employer shows that the act or omission giving rise to the action was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of the FLSA. 29 U.S.C. § 260 (1988).

■ The employer bears the burden of proving both an honest intention to ascertain and follow the dictates of the Act and that its position was objectively reasonable. *Hultgren v. County of Lancaster,* 913 F.2d 498 (8th Cir.1990).

■ Whether the employer acted in good faith and was objectively reasonable is a question of fact. Findings of fact by a trial court will not be disturbed on appeal unless clearly erroneous and not supported by the record. *People in Interest of M.S.H.,* 656 P.2d 1294 (Colo.1983). A court's findings based upon a choice between two plausible views of the weight of the evidence or upon a choice between conflicting inferences from the evidence is not clearly erroneous. *Thiele v. State,* 30 Colo. App. 491, 495 P.2d 558 (1972).

Plaintiffs argue the trial court's finding of good faith and reasonableness was clearly erroneous. In support of their claim, and relying on *Crenshaw v. Quarles Drilling Corp.,* 798 F.2d 1345 (10th Cir.1986), plaintiffs note that defendants knew the law and its requirements and that a misunderstanding of the requirements of the Act does not constitute reasonable grounds. Additionally, plaintiffs note that after the filing of the March 1988 grievance, defendants had express knowledge of the plaintiffs' inability to use their on-call time for their own personal benefit.

In its findings of fact, the trial court found that plaintiffs had proved by overwhelming evidence that they could not use their on-call time for personal benefit, and it awarded compensatory damages on that basis. It went on to find:

Legal uncertainty did not pervade or markedly influence the employer's decision to not pay Plaintiffs for hours worked in excess of 40 hours per week. In fact, Defendants and its agents claimed, during the grievance process, and at trial that plaintiffs could in fact

use their time for their own purposes despite evidence that the Plaintiffs could not use the time for their own purposes and that the hours for which they sought compensation were spent for the employer's benefit. However, the Defendants have shown to the satisfaction of the court that the defendants acted in good faith, and that they had reasonable grounds for believing that their failure to compensate Plaintiffs was not a violation of the Fair Labor Standards Act.

As plaintiffs contend, these provisions of the trial court's order are seemingly inconsistent. On the one hand, the court found that defendants knew of the requisite law and had notice of the fact that plaintiffs could not use waiting time for their personal benefit. On the other hand, the trial court determined that the defendants acted in good faith in believing that their position did not violate the FLSA.

Because the trial court made no findings to support its conclusions of good faith and reasonableness, and because its findings of fact immediately preceding the conclusion could lead to a contrary result, we conclude the liquidated damages portion of the judgment must be vacated and the matter remanded to the trial court for additional findings on the issue of good faith and reasonableness as it pertains to liquidated damages and for an award, if the court deems an award appropriate, consistent with its findings.

### V.

■ Finally, plaintiffs contend that the trial court erred in applying the two-year statute of limitations for non-willful violations of the FLSA. Defendants respond that the trial court properly limited any damages awarded to two years. Alternatively, defendants argue that the plaintiffs should be precluded from raising this issue because it did not appear in their notice of cross-appeal. We conclude this portion of the judgment must also be vacated and the matter remanded for an entry of findings and a determination of the applicable statute of limitations.

First, we find no merit in defendants' procedural argument. The notice of appeal is intended to apprise the parties of the pendency of an appeal and to apprise the district court clerk of the need to certify the record. *In re Estate of Jones*, 704 P.2d 845 (Colo.1985). The issues raised in the notice of appeal are not binding on the parties or the court. C.A.R. 3(d)(3).

Turning to the substance of this issue, we note that violations of the FLSA are subject to a general two-year statute of limitations. To obtain the benefit of the three-year exception, the plaintiff must prove that the employer's violation was willful. 29 U.S.C. § 255(a) (1988).

■ The issue of willfulness is distinct from the issues of reasonableness and good faith. *See Usery v. Godwin Hardware, Inc.*, 426 F.Supp. 1243 (D.C.Mich.1976).

■ In *EEOC v. Central Kansas Medical Center*, 705 F.2d 1270 (10th Cir.1983), the court held that a violation is willful if the employer knew or should have known of an appreciable possibility that the employees involved were covered by the Act. And, to establish a "willful" violation of the Act, it is not necessary to show that the employer actually "knew" he or she was violating the Act. Rather, it is sufficient to show that the employer knew that the Act "was in the picture" and was aware of the Act's possible application to his or her employees. *Donovan v. McKissick Products Co.*, 719 F.2d 350 (10th Cir.1983) (concluding that general manager's deposition testimony concerning necessity of meeting minimum wage and overtime requirements indicated that violating company knew the Act was "in the picture").

Here, the trial court made no findings to support its selection of the FLSA's two-year statute of limitations contained in 29 U.S.C. 255(a) for non-willful violations. Thus, we are unable to determine the facts and analysis which led it to this conclusion. Accordingly, this issue must be resolved on remand.

The portion of the judgment finding defendants liable is affirmed. The damages portion of the judgment is reversed, and

the cause is remanded for entry of findings on the issues of the appropriate statute of limitations and liquidated damages and for entry of an award of damages consistent therewith.

CRISWELL and NEY, JJ., concur.