Gioacchino (Jack) GIAMPAPA, Plaintiff–
Appellee and Cross–Appellant,

v.

AMERICAN FAMILY MUTUAL INSUR-
ANCE COMPANY, Defendant–Ap-
pellant and Cross–Appellee.

No. 94CA1282.

Colorado Court of Appeals,
Div. V.

Oct. 26, 1995.

Rehearing Denied Dec. 21, 1995.

Certiorari Denied June 17, 1996.

Irvin M. Kent, Aurora, Bruce A. Matas, Lakewood, for Plaintiff–Appellee and Cross–Appellant.

Harris, Karstaedt, Jamison & Powers, P.C., A. Peter Gregory, Englewood, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge RULAND.

Defendant, American Family Mutual Insurance Company, appeals from the judgment entered upon jury verdicts awarding plaintiff, Gioacchino (Jack) Giampapa, total damages in excess of $1.5 million on his claims for both willful and wanton breach of contract and tortious bad faith breach of contract. Plaintiff cross-appeals contending that the trial court erred in not increasing the treble damage award pursuant to § 10–4–708(1.8), C.R.S. (1994 Repl.Vol. 4A) of the Colorado No–Fault Act. We affirm in part, reverse in part, and remand with directions.

Plaintiff purchased a "deluxe" automobile insurance policy from defendant which provided coverage beyond that mandated by § 10–4–706, C.R.S. (1994 Repl.Vol. 4A) of the Act. Thereafter, plaintiff was injured when his motor vehicle was rear-ended by two other vehicles.

The record reflects that the accident caused significant injuries to plaintiff's back and neck as well as aggravation of prior injuries suffered in connection with his previous employment as a police officer. As a result, plaintiff suffered intense and long term pain and mental anguish. Plaintiff was also unable effectively to continue his career as an investment counselor.

Plaintiff's claims were based upon defendant's alleged failure to pay certain medical bills in a timely manner and to purchase a hot tub, treadmill, weight machine, certain equipment for plaintiff's motor vehicle, and a specific type of office chair. Plaintiff's request for the equipment was supported by "prescriptions" and correspondence by treating physicians and therapists indicating that these items were both reasonable and necessary to treat his injuries and alleviate his intense and continuous pain.

Following presentation of the evidence, the jury was instructed that if it found that defendant had willfully and wantonly breached the contract, it could award the cost for the equipment and the award would then be increased in compliance with § 10–4–708(1.8) of the Act. The jury was also instructed, under this theory of recovery, that it could award "special damages." Special damages were defined as damages for physical pain, mental and emotional suffering, loss of earnings or impairment of earning capacity, as well as impairment of quality of life.

Next, the jury was instructed that, if it found that defendant had also acted in bad faith in breaching the contract, it could

award both non-economic losses and economic losses. Non-economic losses were defined as pain and suffering, inconvenience, emotional distress, and impairment of plaintiff's quality of life. Economic losses were defined as loss of earnings or impairment of earning capacity and reasonable and necessary medical, hospital, and other expenses.

In response to special interrogatories, the jury found that defendant had improperly failed to pay for the referenced equipment and that the reasonable value of these items was $10,574. Next, the jury found that defendant had acted willfully and wantonly in failing to pay for this equipment and that plaintiff had suffered special damages in the amount of $900,000.

The jury also found that defendant acted willfully and wantonly in failing to pay $9,336 to certain medical care providers within 30 days after receiving reasonable proof of the amount of these charges.

With reference to plaintiff's other claim, the jury determined that defendant was guilty of bad faith in breaching the contract. It awarded economic damages of $100,000 as well as non-economic damages of $200,000 on this claim. The jury also answered a special interrogatory indicating that it had "not duplicated" in making its award of economic and non-economic damages for the bad faith breach and in awarding special damages for willful and wanton breach of the contract.

Finally, the jury found, beyond a reasonable doubt, that defendant's bad faith breach of the insurance contract was willful and wanton. On this basis, it awarded punitive damages of $300,000. There is no contention that the record lacks evidentiary support for any of the non-economic damage awards made by the jury.

I

■ Initially, we address plaintiff's contention that defendant failed to preserve certain issues for appellate review by not including those issues in the notice of appeal. Specifically, plaintiff contends that defendant failed to preserve its challenge to the jury verdict on failure to pay medical bills, defendant's challenge to the verdict finding that it

acted willfully and wantonly, and defendant's contention that the trial court erred in admitting certain exhibits. In support of this contention, plaintiff relies upon *Vikman v. International Brotherhood of Electrical Workers*, 889 P.2d 646 (Colo.1995). We are not persuaded.

In *Vikman*, our supreme court held that a division of this court erred in addressing certain issues because those issues had not been presented either in the trial court or in the appellant's notice of appeal. Here, however, defendant asserted the contentions in the trial court that are now presented on appeal.

Further, C.A.R. 3(d)(3) provides that the notice of appeal shall include an "*advisory* listing of the issues to be raised on appeal." (emphasis added) Moreover, another division of this court held in *Casserly v. State*, 844 P.2d 1275 (Colo.App.1992) that the rule does not require that an issue be included in the notice of appeal so long as the issue is properly preserved in the trial court. *See also Resolution Trust Corp. v. Parker*, 824 P.2d 102 (Colo.App.1991).

Finally, the supreme court in *Vikman* did not overrule *Casserly*. Hence, because the contentions here were properly preserved in the trial court, we conclude that these issues must be reviewed on appeal.

II

■ Defendant first contends that the trial court erred in permitting the jury to award special damages for willful and wanton breach of contract. Specifically, defendant contends that the only award authorized by § 10–4–708, C.R.S. (1994 Repl.Vol. 4A) is a treble damage award based upon the value of medical care or appliances which it failed to furnish. Plaintiff responds that the award of special damages is not foreclosed by the statute. We view *Farmers Group, Inc. v. Williams*, 805 P.2d 419 (Colo.1991) as instructive in resolving this contention and conclude that the court erred, in part, in not granting defendant's motion for a directed verdict.

In *Farmers*, our supreme court addressed the issue whether § 10–4–708 was the exclu-

sive remedy against an automobile insurer that refused to pay benefits in bad faith. The court concluded that the General Assembly in adopting the statute had not intended to eliminate the pre-existing common law remedy for the tort of bad faith breach of insurance contracts. *See also Brooke v. Restaurant Services, Inc.,* 906 P.2d 66 (Colo. 1995).

In analyzing this issue, the *Farmers* court reviewed the common law remedies available prior to adoption of the No–Fault Act in 1973 and noted that Colorado case law permitted recovery for mental anguish resulting from a willful and wanton breach of contract. *See Trimble v. City & County of Denver,* 697 P.2d 716 (Colo.1985).

However, we are not aware of any Colorado authority approving a theory of recovery for willful and wanton breach of contract that includes damages for physical pain, impairment of earning capacity, and impairment of quality of life. Further, we do not read *Farmers* as implicitly authorizing such an award. Hence, we conclude that the special damages awarded by the jury here which include amounts for these injuries must be set aside. *See Decker v. Browning–Ferris Industries of Colorado, Inc.,* 903 P.2d 1150 (Colo.App.1995) (non-economic losses other than for mental anguish are not recoverable for the willful and wanton breach of contract).

Accordingly, the case must be remanded for a new trial on the issue of what damages should be awarded for mental anguish and loss of earnings based upon defendant's willful and wanton breach of contract. *See Forsyth v. Associated Grocers of Colorado, Inc.,* 724 P.2d 1360 (Colo.App.1986).

## III

■ Defendant next contends that there is insufficient evidence to support the jury's finding that defendant failed to pay approximately $9,000 in medical bills within 30 days after receiving reasonable proof of the "fact and amount of such bills." In support of this contention, defendant relies upon testimony that it paid the bills within 30 days after it was advised by a preferred provider organi-

zation of the proper amount owed under the provider's contract with the health care professionals. We find no merit in this contention.

A representative for defendant conceded in her testimony that payment was due under § 10–4–708 within 30 days without regard to the calculations done by the preferred provider organization. Hence, there was evidentiary support for the jury's finding.

## IV

■ The policy at issue provides that defendant is obligated only to pay for "durable medical equipment." Defendant contends that it may not be deemed to have willfully and wantonly breached the contract because its adjustor referred to defendant's legal department the issue whether this term included the items in question and because the department reasonably concluded that the term did not include these items. We are not persuaded.

The fact that the adjustor referred this issue to counsel is not dispositive.

The record reflects that the out-of-state cases relied upon by defendant in interpreting the policy addressed the purchase of specially equipped motor vehicles that would assist the injured claimants in achieving more independence. Here, however, testimony from a physician supports a finding that the items in question constituted durable medical equipment and that the items were necessary for plaintiff to recover from the effects of his injuries. Further, defendant was advised of the medical opinion well before commencement of this action but took no action.

Also, to the extent other evidence might have indicated that the meaning of the term was unclear, the jury was instructed without objection that the term should be construed in favor of plaintiff and against defendant. Finally, a representative of defendant's legal department conceded in cross-examination that defendant was fully aware of this rule governing interpretation of the policy. Under these circumstances, we perceive no error in submitting this issue to the jury for resolution.

Accordingly, the record supports a determination that defendant willfully breached the contract either because the ordinary meaning of the term included the items in question or because defendant knew that the term must be construed in favor of plaintiff and it failed to do so.

## V

■ Defendant next contends that the trial court erred in submitting plaintiff's bad faith claim to the jury because plaintiff failed to present evidence by an expert of the industry's standards relative to the handling of plaintiff's claim under the policy. Again, we disagree.

In support of this claim, plaintiff relied upon the statutory provision requiring payment of medical bills and medical expenses within 30 days, and the failure to provide the items of equipment under the policy. He further relied upon defendant's failure to conduct any investigation into the medical necessity for the equipment. Under these circumstances, it was unnecessary to establish any industry standard because plaintiff was relying upon statutory violations as well as a total failure to investigate his need for the equipment.

## VI

Defendant finally contends that the trial court erred in admitting into evidence a written notice sent to plaintiff within a short time after the accident in question indicating that plaintiff's policy would not be renewed. Defendant claims that the evidence was particularly prejudicial because plaintiff was allowed to introduce the correspondence from defendant indicating that, after plaintiff complained to the Colorado Insurance Commissioner, his policy was reinstated. We perceive no abuse of discretion.

■ The issue whether particular evidence is relevant is addressed to the sound discretion of the trial court. *People v. Myers,* 714 P.2d 513 (Colo.App.1985). We may not reverse that decision unless the record reflects that the court's decision was manifestly arbitrary, unreasonable, or unfair. *See Hock v. New York Life Insurance Co.,*

876 P.2d 1242 (Colo.1994). Indeed, evidence that an insurer improperly failed to renew a policy may support a finding that the insurer acted in bad faith. *See Ballow v. PHICO Insurance Co.,* 875 P.2d 1354 (Colo.1993).

■ Here, the evidence was relevant to plaintiff's contention that, once he was involved in the accident, defendant took steps to reduce the amount of benefits provided by the policy including an effort to preclude any future claims which might result. From this evidence, the jury could infer bad faith.

While the evidence was prejudicial, most evidence which is offered in support of a claim is. On this record, we are unable to conclude that the prejudicial effect substantially outweighed the relevancy of the evidence, and thus, we find no abuse of the trial court's discretion. *See* CRE 403; *Ballow v. PHICO Insurance Co., supra.*

## VII

■ By way of cross-appeal, plaintiff contends that the trial court erred in only awarding treble the amount of $9,336 pursuant to § 10-4-708(1.8). In plaintiff's view, the uncontroverted evidence established that approximately $13,500 was the amount defendant failed to pay to the health care professionals in a timely manner. We find no merit in this contention.

The jury was correctly instructed relative to ascertaining the amount due under the policy and it rejected certain of plaintiff's evidence in determining that the unpaid amount was only $9,336. *See Krow v. Union Pacific R.R. Co.,* 685 P.2d 782 (Colo.App. 1984). Under these circumstances, the trial court properly denied plaintiff's motion to increase the award.

■ Those parts of the judgment awarding damages to plaintiff for bad faith breach of contract in the amount of $300,000 and for punitive damages in the amount of $300,000 are affirmed. The judgment awarding plaintiff treble the amount of unpaid medical expenses pursuant to § 10-4-708(1.8) is also affirmed. That part of the judgment awarding plaintiff $900,000 in special damages for willful and wanton breach

of contract is reversed. The cause is remanded with directions for a new trial on the issue of damages for willful and wanton breach of contract consistent with the views expressed in this opinion.

ROTHENBERG and ROY, JJ., concur.