**Richard D. KROW, Plaintiff-Appellant,**

v.

**UNION PACIFIC RAILROAD COMPANY, a corporation, Defendant-Appellee.**

No. 83CA0639.

Colorado Court of Appeals, Div. IV.

May 17, 1984.

Rehearing Denied June 14, 1984.

Morrisard & Rossi, P.C., John J. Rossi, John H. Inderwish, Aurora, for plaintiff-appellant.

Gorsuch, Kirgis, Campbell, Walker & Grover, Michael J. Wadle, Mark C. Hansen, Denver, for defendant-appellee.

LEE *, Justice.

Plaintiff, Richard Krow, appeals a judgment entered on a jury verdict on plaintiff's claim under the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq. (FELA), contending that the damages awarded are inadequate. We affirm.

Plaintiff's claim arose from an accident that occurred on March 13, 1980, when defendant's switch engine collided with a caboose in which plaintiff, who was employed as a conductor, was sitting. Plaintiff testified that he experienced lower back pain immediately after the accident. However, he neither reported the accident nor sought medical assistance until April 1981, when he was treated by a chiropractor. Plaintiff was subsequently diagnosed as suffering from a herniated disk and, in January 1982, underwent surgical treatment. As a result of his back condition, plaintiff was unable to work from December 29, 1981, until April 8, 1982.

Plaintiff brought suit against defendant under the FELA alleging negligence on the part of defendant. At the conclusion of trial the jury returned a verdict awarding plaintiff $9,233 in damages.

On appeal, plaintiff's sole contention is that the damages awarded by the jury are inadequate as a matter of law. We do not agree.

Questions concerning the measure of damages in a FELA action are federal in character, even if the action is brought in state court. *Norfolk & Western R.R. Co. v. Liepelt*, 444 U.S. 490, 100 S.Ct. 755, 62 L.Ed.2d 689 (1980). In order

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

to set aside a jury verdict on the grounds that it is against the weight of the evidence, it must be demonstrated that the verdict was the result of bias, prejudice, or passion. *Zerr v. Trenkle*, 454 F.2d 1103 (10th Cir.1972).

■ Plaintiff contends that the $9,233 award comprises a $9,000 award for net wage loss and $233 for chiropractic care,[1] and that this amount demonstrates that the jury failed to consider the uncontradicted evidence of his pain, suffering, and permanent disability. However, there was minimal evidence of pain, suffering or future impairment, and no precise evidence was presented at trial of plaintiff's net wage loss. The only evidence presented as to lost wages was that plaintiff sustained approximately $11,000 in gross wage loss during the period he was unable to work and that his after tax wage loss was "approximately" eight to nine thousand dollars.

It is impossible to determine from the general verdict entered by the jury what portion of the award represents plaintiff's lost wages and what portion, if any, represents pain and suffering and disability. It is plausible, in view of the uncertain evidence of net wage loss, that the jury accepted plaintiff's figure of $8,000 as his net wage loss, thus allowing $1,000 for pain, suffering, and disability, and $233 for special damages.

Viewing the record, as we must, in the light most favorable to the party seeking affirmance, *Mayer v. Illinois Northern Ry.*, 324 F.2d 154 (7th Cir.1963), we must assume that the damages awarded include an award for plaintiff's pain, suffering, and permanent disability. Therefore, we cannot conclude as a matter of law that the damages awarded are clearly inadequate.

Judgment affirmed.

ENOCH, C.J., and VAN CISE, J., concur.

**1.** No other medical or hospital bills were submitted, since they were all covered by the Union Pacific Employees Hospital Associations Group, and plaintiff made no claim for the remainder of his medical expenses.