Robert O. JONES, Plaintiff-Appellant,

v.

UNION PACIFIC RAILROAD
COMPANY, a corporation,
Defendant-Appellee.

No. 83CA0969.

Colorado Court of Appeals,
Div. I.

April 4, 1985.

Irvin M. Kent, Aurora, for plaintiff-appellant.

Gorsuch, Kirgis, Campbell, Walker and Grover Steven P. Bailey, Mark C. Hansen, Denver, for defendant-appellee.

BABCOCK, Judge.

Plaintiff, Robert O. Jones, appeals from a judgment entered on a jury verdict awarding him $9,375 on a claim brought under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. (FELA) for injuries he suffered while employed by defendant, Union Pacific Railroad. We affirm.

The evidence at trial established that on the date of the accident plaintiff was working as the relief foreman of a crew assigned to repair a particular section of track. Plaintiff's regularly assigned truck was being repaired, so he was assigned a substitute truck which he knew was in a poor state of repair, having an inoperative

defroster and problems with the rear wheels and the steering mechanism.

The route along the right-of-way to the section of track in need of repair was impassable because of snow drifts, so plaintiff and his crew took an alternate route along a steep and deeply rutted road. On the return trip, while descending a steep hill, the truck left the road and turned over on its side. Plaintiff testified that he had instructed the driver of the truck to slow down immediately before the accident, but that the road conditions prevented the driver from doing so.

Plaintiff suffered from neck and shoulder pain after the accident, and was examined by a series of physicians. Testimony by the examining physicians indicated that plaintiff had few objective signs of neurological, orthopedic, or mental disability resulting from the injury to his neck although approximately two years after the accident plaintiff developed crepitus of the right shoulder. The evidence was conflicting whether this shoulder condition was caused by the accident.

Plaintiff introduced evidence that he missed approximately eighty days of work as a result of the accident, and that as a result he lost $8,300 in wages or $7,177 in after tax wage loss. At the conclusion of trial, the jury returned a verdict awarding plaintiff $12,500 in damages, but finding him to have been 25% negligent in the accident. Application of this percentage of plaintiff's comparative negligence to the damages, pursuant to 45 U.S.C.A. § 53 (1970), resulted in judgment in the sum of $9,375. *See Zavorka v. Union Pacific R.R. Co.*, 690 P.2d 1285 (Colo.App.1984).

## I.

Plaintiff first contends that there was no evidentiary basis to support the finding that he was contributorily negligent. We disagree.

There was evidence that as section foreman plaintiff was responsible for making certain that the truck he used was in safe condition and that he was responsible for making certain that members of his crew,

including the driver of the truck, acted in a safe manner. There was also evidence that the truck was not in a safe condition and that the driver, who was under plaintiff's supervision, was not driving at a safe speed at the time of the accident.

Under the FELA, a court of review may overturn a jury verdict only when there is a complete absence of probative facts to support the conclusion reached by the jury. *Barnes v. Norfolk Southern Ry. Co.*, 333 F.2d 192 (4th Cir.1964); *Missouri-Kansas-Texas Ry. Co. v. Hearson*, 422 F.2d 1037 (10th Cir.1970). Viewing the record, as we must, in the light most favorable to the party seeking affirmance, and giving that party the benefit of all reasonable inferences to be drawn from the evidence, *Ybarra v. Burlington Northern, Inc.*, 689 F.2d 147 (8th Cir.1982); *see Krow v. Union Pacific R.R. Co.*, 685 P.2d 782 (Colo.App.1984), we conclude this evidence was sufficient to support a finding of contributory negligence on the part of plaintiff.

In view of the sufficiency of the evidence, the trial court did not err in instructing the jury on contributory negligence.

## II.

Plaintiff also contends that the damage award was inadequate as a matter of law. Again, we disagree.

Questions concerning the measure of damages in FELA actions are federal in character even if the action is brought in state court. *Krow v. Union Pacific R.R. Co.*, *supra.* A jury verdict will be set aside as inadequate only if the verdict is grossly and manifestly inadequate, or unless the amount is so small as to indicate that the jury failed to consider the evidence as to damages, or the verdict is the result of prejudice, passion, or other improper considerations. *Zerr v. Trenkle*, 454 F.2d 1103 (10th Cir.1972).

Here, there was conflicting evidence concerning the extent of the disability, if any, suffered by plaintiff as a result of the

accident. The damage award of $12,500 exceeded plaintiff's net wage loss of $7,177 by more than $5,300. In view of the contested nature of the evidence of disability and causation, and viewing the evidence in the light most favorable to the verdict, *Zerr v. Trenkle, supra,* we are unable to say that this verdict was inadequate as a matter of law.

Judgment affirmed.

PIERCE and SMITH, JJ., concur.