BAUER v CITY OF GARDEN CITY

Docket No. 77179. Submitted October 4, 1984, at Detroit.—Decided December 3, 1984.

Plaintiff, Helen Bauer, brought an action against defendant, the City of Garden City, alleging that defendant, as the owner of a shopping center parking lot, breached its duty owed to invitees of the shopping center to remove ice and snow from the parking lot and that, as a result, plaintiff was injured when she slipped and fell. The Wayne Circuit Court, Joseph B. Sullivan, J., granted summary judgment in favor of defendant, holding that the doctrine of "natural accumulation" applied and relieved the city of responsibility for plaintiff's injury. Plaintiff appealed. *Held:*

1. The city, as the owner of the parking lot, had a duty to invitees to exercise reasonable care to diminish the hazards of ice and snow accumulation. The "natural accumulation" doctrine limits the statutory duty of a municipality in the case of a public street or sidewalk. The injury in this case occurred on a commercial parking lot. The "natural accumulation" doctrine does not apply to this case.

2. The city's ownership of the parking lot was not a "governmental function" which would entitle the defendant to statutory immunity from tort liability.

Reversed and remanded.

1. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM.

Summary judgment for failure to state a claim upon which relief may be granted is proper only if the plaintiff's claim is so clearly unenforceable as a matter of law that no factual devel-

REFERENCES FOR POINTS IN HEADNOTES

[1] 61A Am Jur 2d, Pleading § 230 *et seq.*

[2] 38 Am Jur 2d, Garages, and Parking and Filling Stations §§ 100, 116.

56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 124.

62 Am Jur 2d, Premises Liability §§ 272, 273.

Liability for injuries in connection with ice or snow on nonresidential premises. 95 ALR3d 15.

opment could possibly furnish a basis for recovery (GCR 1963, 117.2[1]).

2. NEGLIGENCE — INVITEES — MUNICIPAL CORPORATIONS — DUTY — ICE AND SNOW.

A defendant city's ownership of a commercial shopping center parking lot gives rise to a duty on the part of the city owed to business invitees of the shopping center to exercise reasonable care to diminish the hazards of ice and snow accumulations; the "natural accumulation" doctrine, which limits a city's statutory duties with regard to public streets and sidewalks, does not apply in the case of ownership of commercial premises (MCL 691.1401 *et seq.;* MSA 3.996[101] *et seq.).*

*Bockoff & Zamler, P.C.* (by *Larry K. Bowerman),* for plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Susan D. Nelson),* for defendant.

Before: SHEPHERD, P.J., and WAHLS and J. W. FITZGERALD,* JJ.

SHEPHERD, P.J. Plaintiff appeals as of right from a grant of summary judgment for failure to state a claim, GCR 1963, 117.2(1). We reverse.

By her complaint, plaintiff alleged that she injured her thumb when she fell on a shopping center parking lot. She was returning from one of the stores in the shopping center to her automobile when she fell. Defendant owns the parking lot. Plaintiff claimed that defendant breached a duty owed to invitees of the shopping center to remove ice and snow from the parking lot. According to plaintiff, this breach of duty resulted in an unsafe condition and caused her fall.

The circuit judge held that the rule of "natural accumulation" applied to the situation described

* Retired Supreme Court Justice, sitting on the Court of Appeals by assignment.

in the complaint and, therefore, the defendant city lacked responsibility for plaintiff's injury.

Summary judgment was proper only if plaintiff's claim is so clearly unenforceable as a matter of law that no factual development could possibly furnish a basis for recovery. *Abel v Eli Lilly & Co,* 418 Mich 311, 323; 343 NW2d 164 (1984); *Denning v Farm Bureau Ins Group,* 130 Mich App 777, 788; 344 NW2d 368 (1983).

It is beyond peradventure that the owners of a shopping center have a duty to their business invitees "to exercise reasonable care to diminish the hazards of ice and snow accumulation". *Quinlivan v The Great Atlantic & Pacific Tea Co, Inc,* 395 Mich 244, 261; 235 NW2d 732 (1975). As owner of the parking lot, the defendant city assumed the same duty. *Id.,* pp 266-270. Defendant had the requisite "control and possession" of the parking lot to give rise to a duty to make the area safe. *Id.,* p 267; see also, *Siegel v Detroit City Ice & Fuel Co,* 324 Mich 205, 214-215; 36 NW2d 719 (1949).

Defendant relies on decisions in which Michigan courts have applied the so-called "natural accumulation" rule:

"A municipality in Michigan is not negligent if it omits to protect pedestrians from dangers to life and health which are caused by the accumulations of ice and snow on sidewalks from natural causes." *Hampton v Master Products, Inc,* 84 Mich App 767, 770; 270 NW2d 514 (1978). (Citations omitted.)

In *Quinlivan, supra,* p 256, the Supreme Court declined to address the "duty owed the user of public streets and sidewalks". Rather, the Court did away with the "natural accumulation" rule as it related to private land. Nevertheless, what remains of the rule does not prevent assignment of

liability to the city in this case. The situs of plaintiff's alleged injury was not a public street or sidewalk, but a commercial parking lot. Plaintiff's claim does not call for consideration of the city's statutory duty with respect to public highways or sidewalks. *Id.;* MCL 691.1401 *et seq.;* MSA 3.996(101) *et seq.* Rather, defendant's duty arises from its ownership of a commercial premises and the consequent assumption of responsibility to the invitees of the establishments served by that premises. Hence, the natural accumulation doctrine, which limits only defendant's statutory duty, has no application to the instant matter.

Defendant raises no defense on governmental immunity. In any event, we do not view ownership of a shopping center parking lot as a "governmental function". MCL 691.1407; MSA 3.996(107). We hold that the city, as the owner of a commercial parking lot, owed plaintiff a duty of reasonable care. This duty "require[d] that reasonable measures be taken within a reasonable time after an accumulation of ice and snow to diminish the hazard of injury to the invitee". *Quinlivan, supra,* p 261. Accordingly, plaintiff stated a viable claim.

Reversed and remanded for proceedings consistent with this opinion.

No costs, a public question being involved.