Kelly, J.
(dissenting). Because I believe that our Supreme Court’s decision in Robinson v Detroit, 462 Mich 439; 613 NW2d 307 (2000), constitutes an intervening change in the applicable law precluding application of the law of the case doctrine, I must respectfully dissent.
*176 I. INTERVENING CHANGE IN THE LAW AND THE LAW OF THE CASE DOCTRINE
Although the law of the case doctrine seeks to ensure consistency and to preserve finality of judgments by avoiding reconsideration of issues once decided during the course of a single, continuous lawsuit, this doctrine is not applicable where there has been an intervening change in the applicable law. Sumner v General Motors Corp (On Remand), 245 Mich App 653, 662; 633 NW2d 1 (2001). In the case sub judice, between the trial court’s ruling denying defendants’ motion for judgment notwithstanding the verdict (jnov), a new trial, or remittitur and this Court’s decision on appeal, an intervening change of law occurred, the application of which renders insufficient the proofs that plaintiffs submitted during the trial to avoid the bar to recovery imposed by governmental immunity.
The Robinson Court specifically overruled its prior decision in Rogers v Detroit, 457 Mich 125; 579 NW2d 840 (1998), thus clearly indicating that the precedent set forth in Rogers should no longer constitute the controlling law. See Sumner, supra at 665 (stating that the term “ ‘overrule’ is a term that ‘denotes what a superior court does to a precedent that it expressly decides should no longer be controlling law’ ”). (Citation omitted.) Because the decision by a superior court to overrule prior precedent is a declaration that the prior decision no longer holds precedential value, we are bound to abide by the new precedent established by our Supreme Court in Robinson.
The majority cites Bauer v Garden City, 163 Mich App 562; 414 NW2d 891 (1987), for the proposition that an intervening change in the law does not neces *177 sarily vitiate application of the law of the case doctrine. However, the situation in Bauer was significantly different from that in the instant matter. In Bauer, the trial court granted the defendant city summary disposition, holding that the natural accumulation doctrine applied and thus precluded the plaintiff’s recovery. Finding that the plaintiff stated a viable claim, on appeal, this Court reversed the trial court and remanded for further proceedings. The defendant city did not appeal this decision to our Supreme Court. Less than four weeks after this Court’s decision, and before the second trial, our Supreme Court issued its decision in Ross, which, if applicable, would provide the defendant with governmental immunity and insulate it from liability.
The Bauer panel declined to apply the principles enunciated in Ross, stating: “To allow relitigation at the appellate level of every one of these cases which happened to remain at the trial level when Ross was decided would be imprudent indeed. Defendant had the opportunity to appeal this Court’s decision and did not. Defendant is bound by that decision.” (Emphasis added.) The crucial difference between the situation in Bauer and the situation in the case sub judice is that this case was not “at the trial level” when our Supreme Court issued its decision in Robinson. On the contrary, when Robinson came down, the trial was already concluded, the jury had already rendered its verdict, and the trial court had already denied defendants postjudgment relief. When our Supreme Court issued Robinson, the case at bar was already on appeal to this Court. Accordingly, there is no danger herein presented that relitigation at this level will occur; application of the law enunciated in Robinson completely eradicates plaintiffs’ claim. *178 Since the municipal defendants in Bauer did not appeal the issue to our Supreme Court, despite its later decision in Ross, the law of the case doctrine applied and the defendants had to proceed to trial pursuant to the law pre-floss.
Though certainly most sympathetic to plaintiffs’ plight, I remain bound to apply the controlling law as set forth in Robinson to resolve the instant appeal. I therefore maintain that the decision in Robinson constitutes an intervening change in the law that precludes application of the law of the case doctrine.
H. PROSPECTIVE OR RETROACTIVE APPLICATION
The general rule provides for full retroactive application of judicial decisions. Pohutski v Allen Park, 465 Mich 675, 696; 641 NW2d 219 (2002). However, where a judicial opinion is “unexpected” or “indefensible” compared to the law existing at the time that the underlying facts developed, then the decision that overrules clear and settled precedent may only be applied prospectively. See Lincoln v General Motors Cow, 231 Mich App 262, 311; 586 NW2d 241 (1998) (Whitbeck, J., concurring) (citation omitted). In that situation, the decision overruling clear and settled precedent may have only prospective application. Id. On this point, the United States Supreme Court stated:
“In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolution was not clearly fore-shadowed. . . . Second, it has been stressed that ‘we must... weigh the merits and demerits in each case by *179 looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.’ . . . Finally, we have weighted the inequity imposed by retroactive application, for ‘[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the “injustice or hardship” by a holding of nonretroactivity.’ ” [MEEMIC v Morris, 460 Mich 180, 189; 596 NW2d 142 (1999), quoting Chevron Oil v Huson, 404 US 97, 106-107; 92 S Ct 349; 30 L Ed 2d 296 (1971).]
However, as our Supreme Court cautioned, “ ‘[bjefore any question of the retroactive application of an appellate decision arises, it must be clear that the decision announces a new principle of law. A rule of law is new for purposes of resolving the question of its retroactive application . . . when an established precedent is overruled ....’” MEEMIC, supra at 191, quoting People v Phillips, 416 Mich 63, 68; 330 NW2d 366 (1982). (Emphasis added.) It thus bears repeating that complete prospective application of a judicial decision is justified where the decision at issue overrules “clear and uncontradicted case law.” Hyde v Univ of Michigan Bd of Regents, 426 Mich 223, 240; 393 NW2d 847 (1986); Lincoln, supra at 310. (Emphasis added.)
To resolve the prospective-retroactive quandary, we must therefore first consider whether our Supreme Court’s decision in Robinson, which explicitly overruled both Fiser and Rogers, thereby overruled clear and uncontroverted case law, rendering the decision “indefensible” in light of the existing law. I would find that it did not.
The broad construction of the statutory exceptions to governmental immunity employed in Fiser became *180 especially vulnerable one year thereafter when our Supreme Court issued Ross v Consumers Power Co (On Rehearing), 420 Mich 567; 363 NW2d 641 (1984), its seminal governmental immunity case, which required courts to narrowly construe the statutory exceptions. As the Robinson Court observed:
Fiser was decided before this Court’s seminal governmental immunity opinion in [¿¡toss] where we held that statutory exceptions to governmental immunity are to be narrowly construed. Previously, of course, this Court had given the exceptions broad readings. . . . Fiser may have been proper when decided, but it is no longer “good law” after Ross. [Robinson, supra at 455.]
The decision in Ross thus began the uncertainty in this area. The Ross decision requiring a narrow construction of the statutory exceptions directly conflicted with the Fiser Court’s broader approach. Additionally, this Court consistently expressed its reluctance to apply the precedent established in Fiser but for its precedential value. See id. at 450, n 9. After the decision in Ross, the law in this area became wholly unsettled.
Nevertheless, remaining faithful to the precedent established in Fiser, our Supreme Court issued its decision in Rogers and therein expanded the rule in Fiser, which further complicated the law in this area. However, just over one year after its decision in Rogers, our Supreme Court announced, sua sponte, that it was prepared to revisit this issue and thus replace ambiguity with clarity. In so doing, our Supreme Court issued an order requesting additional briefing on whether it should overrule both Fiser and Rogers, thereby foreshadowing their ultimate demise.
*181 Considering the tumultuous history governing the construction of the statutory exceptions to governmental immunity, beginning with Ross and ending with Rogers, it cannot be seriously maintained that the precedent established by Fiser was clear and uncontroverted, see Robinson, swpra at 450, n 9, to such an extent that our Supreme Court’s decision in Robinson had the effect of “changing the law” in this area. See MEEMIC, supra at 191. As the Robinson Court observed:
[T]he lawmaking power is reposed in the people as reflected in the work of the Legislature, and, absent a constitutional violation, the courts have no legitimacy in overruling or nullifying the people’s representatives. . . .
We return the law, as is our duty, to what we believe the citizens of this state reading these statutes at the time of enactment would have understood the motor vehicle exception to governmental immunity and the . . . governmental immunity act to mean. [Robinson, supra at 467-468 (emphasis added).]
Since Robinson did not overrule uncontroverted prior case law, but rather reaffirmed the existing law before its misinterpretation, it does not satisfy the threshold criterion for nonretroactive application. See MEEMIC, supra at 189. Consequently, the decision in Robinson was neither “unexpected” nor “indefensible” in light of the state of the law existing upon its decision. Absent a clear directive from our Supreme Court indicating that Robinson should be applied prospectively, I am constrained to follow the general rule providing for full retroactive application. Commensurate with the general rule, I would find that the deci *182 sion in Robinson governs the disposition of the case sub judice.
EL DEFENDANT’S MOTION FOR JNOV
That established, upon review de novo of the record, the evidence submitted at trial does not demonstrate that the police cars involved in the chase struck plaintiffs’ vehicle or the fleeing vehicle or physically caused another vehicle or object to hit the fleeing vehicle and does not otherwise establish that the police cars physically forced the fleeing vehicle off the road or into another vehicle or object. Thus, as a matter of law, plaintiffs cannot demonstrate that their injuries resulted from the operation of police vehicles sufficient to come within the purview of the motor vehicle exception to governmental immunity and no reasonable mind could find otherwise. Accordingly, I would reverse the trial court’s decision denying defendants’ motion for judgment notwithstanding the verdict.