Kennedy, J., concurring.
*489 {¶ 44} Because the majority's judgment is in line with our holding in State v. Belton , 149 Ohio St.3d 165, 2016-Ohio-1581, 74 N.E.3d 319, I concur in that judgment. Although the majority never explicitly addresses Mason's argument that the analysis of Hurst v. Florida , --- U.S. ----, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), in Belton is dictum, its failure to cite Belton as binding precedent that resolves this case implies that the majority agrees that our holding in Belton is dictum.
{¶ 45} With regard to dicta, Chief Justice Marshall wrote the following almost 200 years ago in Cohens v. Virginia : "It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision." 19 U.S. (6 Wheat.) 264, 399, 5 L.Ed. 257 (1821). For this reason, a court is not bound to follow its own dicta from a prior case in which the point at issue "was not fully debated."
*69 Cent. Virginia Community College v. Katz , 546 U.S. 356, 363, 126 S.Ct. 990, 163 L.Ed.2d 945 (2006) ; see also Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc. , 70 Ohio St.3d 281, 284, 638 N.E.2d 991 (1994) (explaining that dicta in a prior case had no binding effect on a court's decision in a later case).
{¶ 46} This is so because " '[t]he problem with dicta, and a good reason that it should not have the force of precedent for later cases, is that when a holding is unnecessary to the outcome of a case, it may be made with less care and thoroughness than if it were crucial to the outcome.' " State v. Bodyke , 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 89 (O'Donnell, J., concurring in part and dissenting in part), quoting Bauer v. Garden City , 163 Mich.App. 562, 571, 414 N.W.2d 891 (1987).
{¶ 47} Our determination in Belton that Ohio's death-penalty statutes do not contravene the holding in Hurst , however, is not dictum. The issue presented in the third proposition of law in Belton was whether Ohio's death-penalty statute violated the Sixth Amendment right to a jury trial. The court quoted Belton as asserting that
*490 "even if a capital defendant enters a guilty plea to Aggravated Murder and the accompanying death specifications, he has a right to a jury trial to determine the existence of any mitigating factors and to determine whether the aggravating circumstance or circumstances to which he would plead guilty outweigh those factors by proof beyond a reasonable doubt."
Belton , 149 Ohio St.3d 165, 2016-Ohio-1581, 74 N.E.3d 319, at ¶ 55. In effect, Belton argued that the Sixth Amendment guarantees a capital defendant the right to have a jury make additional factual determinations before sentencing-that notwithstanding his having waived the right to have a jury determine guilt, only a jury can make the finding that the aggravating circumstances outweigh the mitigating factors. The court answered the question squarely presented by the parties by applying Hurst - then the United States Supreme Court's most recent pronouncement on the issue-and explaining that the Sixth Amendment right to a jury trial is not implicated by a sentencing scheme that requires the trial judge to weigh aggravating circumstances against mitigating factors before selecting death as the appropriate sentence.
{¶ 48} The fact that the court could have analyzed the question presented in a different way-for instance, by considering whether Belton's waiver of a jury trial relinquished any right to a jury's participation in sentencing-does not mean that the way we did answer it is dictum. In Richards v. Mkt. Exchange Bank Co. , 81 Ohio St. 348, 367, 90 N.E. 1000 (1910), we rejected the view that "the determination of a question fairly presented by the record becomes mere dicta if there happens to be another proposition on which the decision might have been based."
{¶ 49} That a case could be distinguished on some factual basis from another case does not affect the authority of the rule of law it announced or reduce its holding to mere dictum. See United States v. Schuster , 684 F.2d 744, 748 (11th Cir.1982), adopted on reh'g , 717 F.2d 537 (11th Cir.1983) (en banc) ("Virtually all cases are factually distinguishable, but that does not vitiate the underlying rule of law to be derived from [a prior decision]"); State v. Rice , 169 N.H. 783, 795, 159 A.3d 1250 (2017) (acknowledging that the case was distinguishable from a prior case on the facts, but concluding that the "factual distinction" did not "justif[y] a difference in *70 outcome"). Our decision in Belton is binding precedent controlling the outcome of this appeal, because its holding did not go beyond the facts and issues then before the court and its analysis was necessary for our ruling. Therefore, our holding in Belton is not dictum.
{¶ 50} Applying Belton , 149 Ohio St.3d 165, 2016-Ohio-1581, 74 N.E.3d 319, I agree that Ohio's death-penalty statutes do not violate the Sixth Amendment right to a jury trial as construed by *491 Hurst , --- U.S. ----, 136 S.Ct. 616, 193 L.Ed.2d 504. As we explained in Belton , the weighing of aggravating circumstances and mitigating factors required to ensure that only a defendant deserving of the ultimate penalty is sentenced to death "is not a fact-finding process subject to the Sixth Amendment" (emphasis sic), id. at ¶ 60, but rather "amounts to 'a complex moral judgment' about what penalty to impose upon a defendant who is already death-penalty eligible," id. , quoting United States v. Runyon, 707 F.3d 475, 515-516 (4th Cir.2013).
{¶ 51} Once the jury found Mason guilty of aggravated murder and at least one aggravating circumstance, under former R.C. 2929.03(C)(2), Am.Sub.S.B. No. 1, 139 Ohio Laws, Part I, 1, 10, the court could impose only one of the following penalties: "death, life imprisonment with parole eligibility after serving twenty full years of imprisonment, or life imprisonment with parole eligibility after serving thirty full years of imprisonment." Therefore, the maximum penalty authorized by the statute following the jury's verdict at the trial phase was death, and no judicial fact-finding could expose Mason to any greater punishment.
{¶ 52} Because Mason was eligible for capital punishment based on the jury's verdict at the end of the trial phase, his argument that Ohio's death-penalty scheme violates the Sixth Amendment because it does not require the jury to make specific findings of fact regarding the mitigating circumstances or why the mitigating circumstances were outweighed by the aggravating circumstances is not well taken. Accordingly, the majority correctly affirms the judgment of the court of appeals, and I concur.